**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **PRINCESS SMITH,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-13-1034 |
| | | Criminal No. RWT-10-761 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |
| | * | |

## **MEMORANDUM OPINION**

Pending are Petitioner Princess Smith's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, and Motion for Reconsideration of Sentence in her related criminal case.[1] ECF Nos. 197 and 217. Upon review of the papers filed, and for the reasons stated below, the Court will deny Smith's motions.

## **BACKGROUND**

Smith participated in a conspiracy in which, along with her coconspirators, she committed identity theft in order to steal money from victims' bank accounts. ECF No. 163-1. In total, the conspiracy caused at least $78,200 in losses. *Id.* Smith was indicted on December 13, 2010. ECF No. 1. She pled guilty on August 22, 2012, to one count of conspiracy to commit bank fraud, and one count of aggravated identity theft. ECF No. 162. She was sentenced to 72 months of imprisonment, constituting 48 months for the conspiracy charge, and a mandatory consecutive 24 months for the aggravated identity theft charge. ECF No. 180. She timely filed a § 2255 petition on April 8, 2013. ECF No. 197. In her petition, Smith asserts four grounds for relief:

---

[1] Also pending is a Motion Requesting Status. ECF No. 202. In light of this Opinion disposing of Smith's petition, that motion will be denied as moot.

1. Error in calculating her sentencing guideline range, *id.* at 4;

2. Failure of counsel to submit mitigating evidence at sentencing, *id.* at 5-6;

3. Error in determining the restitution amount attributable to her, *id.* at 8; and

4. Failure of counsel to accurately inform her of what her sentence would be. *Id.* at 9-10.

On April 15, 2015, Smith filed a motion for reconsideration of her sentence. ECF No. 217. The grounds for this motion appear to be that Smith's father is ill, and that she was not given sufficient credit for time served. *Id.*

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

### I. Ineffective Assistance of Counsel Claims

Grounds two and four of Smith's petition are ineffective assistance of counsel claims. Ineffective assistance of counsel claims are analyzed under the rubric of *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* analysis requires a defendant to

make two showings to establish ineffective assistance of counsel: that counsel's performance was so deficient as to be objectively unreasonable, and that there is a reasonable probability that, but for counsel's unreasonable performance, the outcome of the case would have been different. *Id.* at 687-94. A petitioner claiming ineffective assistance of counsel after pleading guilty must show that, but for the errors of counsel, she would have rejected the guilty plea and insisted on going to trial. *Harper v. United Statesi,* 661 F. Supp. 2d 587, 599 (N.D.W. Va. 2009).

**A. Smith's Attorney Did Not Fail to Present Mitigating Evidence**

Smith argues that her attorney was ineffective because he failed to present mitigating evidence at her sentencing, such as "evidence of Ms. Smith's suffering the effects of withdrawal from narcotics," and her "severe chronic health conditions." ECF No. 197 at 5-6. However, Smith's attorney specifically raised both Smith's drug addiction and her history of mental illness, as well as her difficult upbringing, in his sentencing memorandum. ECF No. 175 at 5-6. Smith fails to identify what about this presentation was deficient, or how any deficiency prejudiced her at sentencing. There is no basis in fact for this claim.

**B. Smith's Attorney Was Not Ineffective for Failure to Accurately Predict Her Sentence**

Smith argues that her attorney failed to give her an accurate estimate of the length of sentence she would receive, claiming he told her she would be sentenced to only 41-51 months, when, in fact, she received 72 months. ECF No. 197 at 10. Assuming her attorney did underestimate the amount of time Smith would receive by 21 months, that alone is not enough to sustain an ineffective assistance of counsel claim. *See Bethel v. United States*, 458 F.3d 711, 712 (7th Cir. 2006) (rejecting ineffective assistance of counsel claim where attorney allegedly underestimated sentence by at least 67 months); *Harper*, 661 F. Supp. 2d at 600-01 (rejecting

3

ineffective assistance of counsel claim where attorney allegedly underestimated sentence by at least 49 months).

One obvious reason that even a relatively severe miscalculation of sentencing exposure does not ordinarily constitute ineffective assistance of counsel in the context of a guilty plea is that any erroneous advice a defendant receives on sentencing exposure will get corrected prior to the acceptance of a guilty plea, either within the plea agreement itself, or at the very least during a properly conducted Rule 11 colloquy. *See Bethel*, 458 F.3d at 718 ("The court thus informed Bethel in six or seven different ways that he could not rely on any particular predictions or discussions about a possible sentence when he entered his plea."); *Harper*, 661 F. Supp. 2d at 600 ("[Petitioner] then testified that: he and his counsel had reviewed the agreement before he signed it; he understood that his maximum sentence could be no more than twenty years; that the sentence he received might be different than that estimated by his counsel; and that no one could predict the length of his sentence until the PSR was completed.").

That is what happened here. Even if Smith thought her maximum sentencing exposure was 51 months at most, by the time the Court accepted her guilty plea, she could no longer have reasonably thought that was the case. At her Rule 11 hearing, Smith was informed that, with an offense level of 16 and an estimated criminal history of IV, she would have a guideline range of 33-41 months for the conspiracy to commit bank fraud charge, with an additional 24 months to run consecutively for the aggravated identity theft charge. ECF No. 204 at 10-11. In other words, Smith was specifically made aware that her estimated guideline range was up to 65 months, only 7 months less than what she actually received. It was also clear that the guideline range was based on a preliminary estimate of her criminal history. When the Court

inquired as to Smith's criminal history, defense counsel responded "I *think* it's going to be in the three, four range," and the government agreed, stating "According to my *best guess*, that sounds accurate, Your Honor." *Id.* at 10 (emphasis added). She was also made aware that the maximum sentence she faced on the conspiracy to commit bank fraud charge was thirty years, and the Court stated in unequivocal terms to Smith that "nobody can give you any prediction as to what the sentence is going to be." *Id.* at 7, 16. Thus, to the extent Smith may have had the notion she was facing only a 51-month sentence, she was thoroughly disabused of that notion during the properly conducted Rule 11 colloquy.[2] Since Smith cannot show that she would have insisted on going to trial had she known her sentence would be more than 51 months, she has failed to show prejudice from any alleged deficiencies in counsel's performance.

## II. There Was No Error in Calculating Smith's Sentencing Guidelines

Smith asserts there was an error in calculating her sentencing guidelines range. ECF No. 197 at 4. However, she does not specify what the error was. It appears as if Smith's complaint may, again, have to do with her attorney's allegedly erroneous calculation of her likely sentence. *Id.* ("Petitioner signed a plea agreement with the understanding of receiving a sentence applicably applied by her guideline range, as stated by her Attorney."). To the extent this forms the basis of her claim, it is addressed in Section I.B. above. Otherwise, there is no basis to conclude that Smith's guidelines were calculated incorrectly.

---

[2] The Court also notes that Smith signed a plea agreement that anticipated up to a 65-month sentence. ECF No. 163 at 7. She also did not seek to withdraw her guilty plea after receiving a copy of the presentence report indicating her actual criminal history and guideline range. Thus, there is no indication whatsoever that revealing the increased sentence Smith was subject to had any effect on her decision to plead guilty.

### III. There is No Basis to Challenge the Loss Attributable to Smith

Smith also challenges the amount of loss that was attributed to her. ECF No. 197 at 8. The government made clear at Smith's Rule 11 hearing what loss amount it planned to attribute to her. ECF No. 204 at 12. Her assertion that this amount should be reduced now is conclusory, and she gives no factual basis from which the Court can conclude that the loss amount originally assessed against her was in error. Accordingly, there is no basis for this claim.

### IV. There is No Basis to Reconsider Smith's Sentence

Smith's request to have her sentence modified appears to be based on her father's illness, and her assertion that the Bureau of Prisons incorrectly calculated her time-served credits. ECF No. 217. The Court is without authority to modify Smith's sentence based on her father's illness at her request. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (allowing modification of a sentence based on extraordinary circumstances "upon motion of the Director of the Bureau of Prisons").

As to the calculation of Smith's time-served credit, Smith's argument is not entirely clear. She appears to believe that time she spent in drug treatment while on pretrial release should have counted towards her time served. ECF No. 217-1 at 1. 18 U.S.C. § 3585(b) mandates credit be given towards a term of imprisonment for time spent in "*official detention* prior to the date the sentence commences." (emphasis added). Wherever Smith may have spent her time while on pretrial *release*, by definition she was not in "official detention." *See Reno v. Koray*, 515 U.S. 50, 52 (1995) (holding that defendant who was ordered to a community treatment center while on pretrial release was not in official detention for sentencing calculations purposes under 18 U.S.C. § 3585(b)). Smith was not committed to detention pending trial until August 14, 2012. ECF No. 160. The Bureau of Prisons gave her time-served credit from

July 24, 2012 through October 25, 2012, the day before her sentencing. ECF No. 217-5. Smith was entitled to no more.

## CERTIFICATE OF APPEALABILITY

Smith may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Smith has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Smith's motion to vacate her sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Smith's claims, and therefore no certificate of appealability shall issue.

## CONCLUSION

For the aforementioned reasons, Smith's motion will be denied and no certificate of appealability shall issue. A separate Order follows.

Date: May 18, 2015                                          /s/
                                                    ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE